**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY LEONARD, IN HIS CAPACITY AS TRUSTEE OF THE POPLAWSKI 2008 INSURANCE TRUST; PHYLLIS POPLAWSKI; and PBR PARTNERS, on behalf of themselves and all others similarly situated<br><br>    Plaintiffs,<br><br> vs.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK and JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)<br><br>    Defendants. | Civil Action No. 18-cv-04994-AKH |
| YURIY DAVYDOV, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br> vs.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK and JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br>    Defendants. | Civil Action No.: 18-cv-09825-AKH |

<u>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT SUSMAN GODFREY L.L.P. INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P.23(g)**</u>

6210839v1/015995

# Table Of Contents

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT .........................................................................................................3

     A.    Only Susman Godfrey Makes the Complete Showing Required under
           Rule 23(g). ................................................................................................3

          1.    Susman Godfrey has done substantial work to advance the
                putative class' claims, while Fearon has done little more than
                advertise on its website for seven months searching for a
                plaintiff.................................................................................................4

          2.    Susman Godfrey has unmatched experience handling complex
                class actions, including COI cases at issue here. .........................................5

          3.    Only Susman Godfrey has the resources to adequately
                represent the class all the way through trial if necessary............................8

          4.    Fearon's hostile attacks against putative class members
                underscore Fearon's inability "to fairly and adequately
                represent the interests of the class."...........................................................9

     B.    Appointing More than One Law Firm as Lead Counsel Would Increase
           Costs, Decrease Efficiency, and Harm the Class. .................................................11

III.   CONCLUSION.....................................................................................................11

6210839v1/015995

# Table of Authorities

**Page(s)**

**Cases**

*37 Besen Parkway, LLC v. John Hancock Life Ins. Co. (U.S.A)*,
   Case No. 15-cv-9924-PGG (S.D.N.Y.)...................................................................1, 7, 11

*Brach Family Foundation, Inc. v. AXA Equitable Life Ins. Co.*,
   Case No. 16-cv-740-JMF (S.D.N.Y.) ........................................................................7

*Couch v. Wilco*,
   Case No. 18-cv-01774-JMS-DLP (S.D. Ind.).............................................................8

*In re Crude Oil Commodity Futures Litig.*,
   Case No. 11-CV-3600 (WHP), 2012 WL 569195 (S.D.N.Y. Feb. 14, 2012) .........6

*Emerson v. Sentry Life Ins. Co.*,
   Case No. 18-cv-379-JDP (W.D. Wis.)....................................................................7, 8

*Fairlie v. Transamerica Life Ins. Co.*,
   Case No. 18-cv-00032 (N.D. Iowa) ...........................................................................8

*Fan v. PHL Variable Ins. Co.*,
   Case No. 18-cv-01288-PAC (S.D.N.Y.) .....................................................................8

*Fleisher et al. v. Phoenix Life Ins. Co.*,
   Case No. 11-cv-08405-CM (S.D.N.Y.) ...............................................................1, 6, 10

*Hanks v. The Lincoln Life & Annuity Company of New York et al.*,
   Case No. 1:16-cv-06399-PKC  (S.D.N.Y.)..................................................................7

*McMahon v. Transamerica Life Ins. Co.*,
   Case No. 17-cv-00149 (N.D. Iowa).........................................................................1, 8

*Thomas Iwanski v. First Penn-Pacific Life Ins. Co.*,
   Case No. 18-cv-1573 (E.D. Pa.) ................................................................................8

*TVPX ARS Inc. v. Lincoln National Life Ins. Co.*,
   Case No. 18-cv-2989 (E.D. Pa.) ...............................................................................8

**Rules**

FED. R. CIV. P. 23 .........................................................................................................*passim*

## I.   __INTRODUCTION__

Susman Godfrey has unmatched experience handling this type of cost-of-insurance ("COI") class action by itself – including achieving "the best settlement pound for pound for the class that" Judge McMahon had ever seen[1] on the eve of trial in another COI class action in this district and a $91.25 million COI settlement involving over 80,000 universal life policies issued by John Hancock[2] – and has the resources and established track record to take on some of the most formidable opposing law firms in the country in COI and other cases. Susman Godfrey has also already significantly advanced *this* case – including by having held a Rule 26(f) conference, entered into a protective order, exchanged initial disclosures and draft case schedules and ESI protocols, served requests for production on defendants and received defendants' voluminous objections and responses, issued third-party subpoenas to defendants' auditors and consultants and begun meet and confers with those recipients, and received and began reviewing documents from defendants pursuant to those requests. As such, every element of Federal Rule of Civil Procedure Rule 23(g) supports the Court appointing Susman Godfrey as sole lead counsel to represent the proposed class here.

Conversely, Squitieri & Fearon ("Fearon") filed its copycat action almost 5 months after Susman Godfrey's complaint, and it has done next to nothing to advance this case since filing. While Fearon touts its supposed "experience" in COI cases, that experience consists of filing copycat actions, like this one, that have been stayed by courts because they are duplicative of actions already on file, or recent actions that have not gotten past motion to dismiss stage. *See, e.g.*, *McMahon v. Transamerica Life Insurance Co.*, Case No. 17-cv-00149, Dkt. 48 (N.D. Iowa

---

[1] *Fleisher, et al. v. Phoenix Life Ins. Co.*, 11-cv-8405 (S.D.N.Y.), at https://bit.ly/2TqDi51.

[2] *37 Besen Parkway, LLC v. John Hancock Life Insurance Company (U.S.A.) ("Hancock COI")*, 15-cv-9924-PGG, Dkt. 139 (preliminary approval granted; final approval hearing scheduled for Feb. 19, 2019).

Nov. 14, 2018) (Fearon's case stayed because Fearon filed substantively identical complaint with substantively identical defined class as a case already *settled* in C.D. Cal.).

Fearon's unusual and uncivil motion for appointment of interim co-lead, much of which is spent launching attacks at some of the very class members it seeks to represent, only underscores its unsuitability to represent the putative class and work with Susman Godfrey. Fearon's motion principally argues that Susman Godfrey should not be sole lead counsel because "plaintiffs in Leonard (Susman Godfrey's plaintiffs) are investors who bought two very large, $10,000,000 insurance policies," and investors somehow create "adequacy and typicality challenges under Rule 23." Fearon Br., 18-cv-9825-AKH, Dkt. 18, at 6-7. Fearon's injurious argument to members of the putative class Fearon seeks to represent is wrong on the facts and the law. Factually, Ms. Poplawski is not an "investor," but an 86-year-old grandmother who "took out a policy on her own life in 2008, and after paying premiums for ten years at John Hancock's 'projected' rates," was victimized by the increase. Compl., Dkt. 1, ¶ 6. Fearon points out that her policy is owned by a trust, but as anyone familiar with the industry knows, it is commonplace for insureds to place a policy in a family-owned trust for estate planning or other purposes. Legally, Fearon is wrong to argue that there are "adequacy and typicality challenges" posed by trust-owned or investor-owned policies, and no COI case in history has *ever* been denied certification because of this unexplained "challenge" that Fearon speculates about. This case is entirely about Defendants' conduct in raising COI rates, and not plaintiffs' conduct. Further, because the class is comprised of many trust-owned and investor-owned policies, Fearon's (meritless) argument is directly counter to the interests of the exact class it seeks to represent.

Given Fearon's late filing in this Action, complete failure to advance the case, its

unabashed hostility to both Susman Godfrey and the class, and the fact that Susman Godfrey has effectively and efficiently run COI class actions by itself, including against John Hancock (with 80,000 policies at issue, whereas this case is much smaller with only 1,500 policies at issue), there is no justification for a co-lead structure. Committing Susman Godfrey to a forced marriage with Fearon is a detriment to the class and only helps John Hancock given the delays, disagreements, and inefficiencies that will ensue. Appointing one firm as sole lead is what putative class members deserve – effective and experienced representation with minimal duplication and without wasted efforts and disputes. Susman Godfrey is undisputedly qualified, is the only firm that has made any progress on behalf of the putative class, and should be appointed as sole interim class counsel.

## II.   ARGUMENT

Susman Godfrey has made the complete showing required under Rule 23(g) to serve as interim class counsel, while Fearon fails to meet any of the key qualifications. Given that Susman Godfrey has successfully litigated substantially larger COI actions in this district and elsewhere as sole lead counsel, there simply is no need for multiple law firms who are adverse to each other to join together over their objections to create a bulky and inefficient leadership structure that will not benefit the class.

### A.   Only Susman Godfrey Makes the Complete Showing Required under Rule 23(g).

When deciding whether to appoint interim lead counsel, Rule 23(g) instructs courts to consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." FED. R. CIV. P. 23(g)(1)(A). The

court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class," FED. R. CIV. P. 23(g)(1)(B), and where "more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." FED. R. CIV. P. 23(g)(2). Here, every potential element supports Susman Godfrey's request to serve as sole lead counsel.

1.  <u>Susman Godfrey has done substantial work to advance the putative class' claims, while Fearon has done little more than advertise on its website for seven months searching for a plaintiff.</u>

Since filing its complaint in early June, Susman Godfrey has done significant work to advance the litigation. Conversely, since filing its case almost five months after Susman Godfrey, Fearon has done next to nothing to advance its claims against Defendants, and its filing in this Action has only delayed efforts to effectively prosecute the case. Susman Godfrey is therefore the only one to satisfy Rule 23(g)'s first requirement, as the following comparison of the work performed by the two firms in this action makes clear:

| **Susman Godfrey Significantly Advanced the Class' Claims** | **Fearon Has Done Nothing to Advance the Class' Claims** |
|---|---|
| • Served complaint, which Defendants answered (Dkt. 1, 17). <br><br> • Held a Rule 26(f) conference. <br><br> • Exchanged initial disclosures. <br><br> • Served a notice of a subpoena on Defendants' auditor, Ernst & Young, and met and conferred with counsel for Ernst & Young in the United States and Canada regarding the subpoena and proceeding | • Attempted to find a plaintiff for seven months by advertising on its firm website: <br><br> http://sfclasslaw.com/hancock/ (last visited Dec. 10, 2018) <br><br> • Filed tagalong complaint almost five months after Susman Godfrey filed the instant action, and stipulated to provide Defendants until December 21, 2108, to answer or move to dismiss.[3] |

---

[3] The tagalong complaint names John Hancock Life Insurance Company (U.S.A.) as a defendant, even though the plaintiff in that action does not even own a policy issued by that carrier.

4

| | |
|---|---|
| with discovery.<br><br>• Served a notice of subpoena on Defendants' consultant, Milliman, Inc.<br><br>• Negotiated and entered into stipulated protective order.<br><br>• Hired actuarial consultants and experts to assist with data requests and analysis.<br><br>• Served 34 requests for production on Defendants, to which Defendants have already provided objections and responses totaling 103 pages and begun to produce responsive documents, with an initial wave already produced that defendants agreed would include pricing memoranda, final redetermination memoranda, mortality tables, and COI rate schedules at pricing and redetermination, and a second wave forthcoming next month.<br><br>• Met and conferred with counsel for Defendants approximately ten times in attempt to create agreed upon case management schedule, ESI protocols, and discovery procedures.<br><br>*See* Declaration of Steven Sklaver, dated December 10, 2018, ¶¶ 3-5. | |

As the evidence above establishes, only Susman Godfrey has done the substantive work necessary to advance this litigation, which puts it in the best position to represent the proposed class' interests.

      2.    <u>Susman Godfrey has unmatched experience handling complex class actions, including COI cases at issue here.</u>

Susman Godfrey's experience handling complex class actions is not only unmatched by Fearon, but perhaps similarly unparalleled by any law firm in the country. *Vault* just ranked Susman Godfrey as the Best Litigation Boutique Law Firm in the country for the eighth year in a

row.[4] Last year, *Lawdragon* recognized Susman Godfrey as "American's Leading Trial Law Firm."[5] And, earlier this year, *Law360* named Susman Godfrey the Class Action Group of the Year.[6] As Judge William Pauley noted when he appointed Susman Godfrey as lead counsel in a complex matter in this District, Susman Godfrey has a long history of serving as "lead counsel in hundreds of class actions." *See In re Crude Oil Commodity Futures Litig.*, No. 11-CV-3600 (WHP), 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012).

Susman Godfrey not only has extensive experience handling complex class actions in general, but also has tremendous experience successfully litigating COI class actions specifically. In fact, Susman Godfrey has been responsible for some of the most important COI results in the country, including a COI action in this district where Judge McMahon praised the result as "an excellent, excellent result for the class" and "the best settlement pound for pound for the class that I've ever seen."[7] Conversely, while Fearon represents to the Court that it "is experienced in cost of insurance litigation," in reality, Fearon has yet to recover a single dollar for an injured class in *any* COI case:

| Susman Godfrey's COI Successes | Fearon's Alleged COI "Experience" |
|---|---|
| • **Phoenix COI**. *Fleisher et al. v. Phoenix Life Insurance Company*, Case No. 11-cv-08405-CM (S.D.N.Y.).<br><br>    • Susman Godfrey was sole class | • *McMahon v. Transamerica Life Insurance Co.*, Case No. 17-cv-00149, Dkt. 48 (N.D. Iowa Nov. 14, 2018).<br><br>    • **Case stayed** because Fearon filed |

---

[4] *2019 Best Litigation Boutique Law Firms*, Vault, *available at* http://www.vault.com/company-rankings/law/best-law-firms-in-each-practice-area/?sRankID=276
[5] *Don't Mess with Texas: How Lawyers at Susman Godfrey Formed America's Leading Trial Law Firm*, Lawdragon (Dec. 3, 2017), *available at* http://www.lawdragon.com/2017/12/03/dont-mess-texas-susman-godfrey-became-americas-leading-trial-firm/
[6] *Class Action Group of the Year: Susman Godfrey*, Law360, January 16, 2018, *available at* https://www.law360.com/articles/1001591/class-action-group-of-the-year-susman-godfrey
[7] *Fleisher v. Phoenix Life Ins. Co.*, 11-cv-8405 (S.D.N.Y.), at https://bit.ly/2TqDi51.

6

counsel appointed by the Court in an action challenging a COI rate—the core issue in this case. Judge McMahon praised Susman Godfrey's leadership in that case and settlement of the action valued at more than $130 million.

- **Hancock COI**. *37 Besen Parkway, LLC v. John Hancock Life Ins. Co. (U.S.A)*, Case No. 15-cv-9924-PGG (S.D.N.Y.).

  - After being appointed interim lead counsel, and after more than two years of hard-fought litigation, Susman Godfrey reached a settlement, subject to court approval, for **$91.25 million** in a COI case involving over 80,000 different policies insured by John Hancock. *See* Dkt. 26 (May 2, 2016 Order Appointing Interim Class Counsel) & Dkt. 133-2 (Settlement Agreement).

- **AXA COI**. *Brach Family Foundation, Inc. v. AXA Equitable Life Ins. Co.*, Case No. 16-cv-740-JMF, Dkt. 145 (S.D.N.Y. Nov. 13, 2017).

  - Appointed Susman Godfrey as sole interim lead counsel.

  - Litigating for almost 3 years, with fact discovery currently ending in early 2019. Defeated all motions to dismiss. *See, e.g.,* 2017 WL 5151357 (S.D.N.Y. Nov. 3, 2017); 2018 WL 1274238 (S.D.N.Y. March 9, 2018)

- **Lincoln New York COI**. *Hanks v. The Lincoln Life & Annuity Company of New*

substantively identical complaint with substantively identical defined class as case already settled in C.D. Cal.

- *Fairlie v. Transamerica Life Insurance Co.*, Case No. 18-cv-00032, Dkt. 37 (N.D. Iowa Nov. 14, 2018).

  - **Case stayed** because Fearon filed substantively identical complaint with substantively identical defined class as case already advancing in C.D. Cal.

- *Emerson v. Sentry Life Insurance Co.*, Case No. 18-cv-379-JDP (W.D. Wis. filed May 21, 2018).[8]

  - **Case stayed** because Fearon filed substantively identical complaint with substantively identical defined class as case that had already been actively litigated by separate law firm for months.

- *Fan v. PHL Variable Ins. Co.*, Case No. 18-cv-01288-PAC (S.D.N.Y. filed Feb. 13, 2018).

  - Motion to dismiss pending; no leadership appointed.

- *Couch v. Wilco*, Case No. 18-cv-01774-JMS-DLP (S.D. Ind. filed June 11, 2018).

  - Motion to dismiss pending.

---

[8] Fearon's brief omits any reference to *Emerson*, likely because there, as here, Fearon advertised on its website that it was searching for a potential class representative, filed a tagalong complaint months after another law firm was already actively litigating the case on behalf of the putative class, and attempted to wrest control of the litigation. The *Emerson* Court rejected Fearon's tactics and stayed Fearon's case.

7

| | |
|---|---|
| *York et al.*, Case No. 1:16-cv-06399-PKC, Dkt. 41 (S.D.N.Y. Feb. 9, 2017).<br><br>   • Appointed Susman Godfrey as sole interim lead counsel.<br><br>   • Litigating for over 2 years. Substantially completed all fact and expert discovery and class certification motion pending and fully-briefed.<br><br>• **Lincoln National COI.** *TVPX ARS Inc. v. Lincoln National Life Insurance Co.*, Case No. 18-cv-2989, Dkt. 37 (E.D. Pa. Oct. 31, 2018).<br><br>   • Appointed Susman Godfrey as sole interim lead counsel.<br><br>• **First Penn-Pacific COI.** *Thomas Iwanski v. First Penn-Pacific Life Insurance Co.*, Case No. 18-cv-1573, Dkt. 37 (E.D. Pa. Oct. 31, 2018).<br><br>   • Appointed Susman Godfrey as sole interim lead counsel. | |

Susman Godfrey is therefore the only law firm with the appropriate experience "handling class actions, other complex litigation, and the types of claims asserted in the action," Fed. R. Civ. P. 23(g)(1)(A)(ii), and requisite "knowledge of the applicable law." Fed. R. Civ. P. 23(g)(1)(A)(iii).

      3.    <u>Only Susman Godfrey has the resources to adequately represent the class all the way through trial if necessary.</u>

     With more than 125 attorneys and a requirement that every new associate complete a federal clerkship before joining the firm, Susman Godfrey has decades of experience successfully litigating complex matters against some of the largest companies in the world. In addition to its substantial class action experience, Susman Godfrey has advanced tens of millions

of dollars in expenses in its class action cases, including cases tried to verdict, and as a testament to the Firm's financial strength, it has always funded those class action expenses out of pocket— never using a line of credit or other outside funding. Fearon, conversely, appears to have a total of four lawyers employed by the law firm, and has not represented that it has the resources to fund or represent this class against two large insurance companies represented by some of the most accomplished lawyers in the world at WilmerHale LLP and Boies Schiller Flexner LLP.

4.   Fearon's hostile attacks against putative class members underscore Fearon's inability "to fairly and adequately represent the interests of the class."

In its desperate attempt to try to force its way in as co-lead counsel, Fearon put its own interests above those of the class by filing a motion riddled with attacks against the very class members it now seeks to represent and attempting to create conflicts where none exist. Not only are those attacks unseemly, but they're utterly irrelevant to determining who is most qualified to serve _as counsel_ to the class.

First, under Rule 23(g), the court is tasked with determining the "class counsel" "best able to represent the interests of the class." FED. R. CIV. P. 23(g)(2). While the Rules provide substantial guidance and enumerate relevant factors for the courts to consider, none of the factors have anything to do with the potential class _representative_. Rather, every factor focuses on the ability of counsel to best represent the interests of the entire class.

Here, Fearon conclusively establishes its inability to perform that function by attempting to create an artificial and non-existent conflict within the class between so-called "mom and pop" insureds and insureds who hold their policies in trust. Of course, in order to ultimately certify the class, Fearon would be required to defeat any conflict issues raised by defendants, something its wrongheaded motion to serve as co-lead, if credited, would make much more difficult. In every prior COI case in which Susman Godfrey has served as sole lead counsel, it represented the class

9

in its entirety, including "mom and pop" insureds, sophisticated investors, people who hold their policies in trust, and every other variety of insured holding a policy. And, in any event, one of Susman Godfrey's clients in this matter is named plaintiff Phyllis Poplawski, a grandmother, or to use the competing firm's lingo, "the mom and pop's mother."

Fearon strangely devotes a substantial portion of its court filing to attacking Advance Trust—who is not a named plaintiff in these actions—in a wild attempt to attack Susman Godfrey's reputation by questioning its relationship with a different client in separate matters, an issue no defendant has ever raised. Fearon's accusations are meritless. Had Fearon bothered to conduct any actual research into the matter, it would have learned that rather than being "one of those professional investor plaintiffs," Dkt. 44 at 9, Advance Trust is actually a court-designed and approved holder trust created in an effort to maximize recovery on behalf of the defrauded creditors and investors of pre-bankruptcy Life Partners Holding, Inc. *See generally* https://lpi-pht.com/. By attempting to tarnish Advance Trust's reputation, Fearon does nothing more than attempt to reinjure those fraud victims.

Finally, Fearon points to Susman Godfrey's prior work for the class in *Fleisher et al. v. Phoenix Life Insurance Company*, Case No. 11-cv-08405-CM (S.D.N.Y. filed Nov. 18, 2011), as an example of the supposed dangers that could await the class if Susman Godfrey were appointed sole lead. *See* Dkt. 44 at 15–16. This argument makes no sense. As discussed above, in that case, while serving as sole lead counsel in a COI case in this District, Susman Godfrey obtained class certification, defeated summary judgment, and reached a settlement valued at more than $130 million for the class right before trial, which Judge McMahon described as perhaps "the best settlement pound for pound for the class that I've ever seen." *See also Fleisher v. Phoenix Life Ins. Co.*, 2013 WL 12224042 (S.D.N.Y. July 12, 2013) (certifying class); 18 F.

Supp. 3d 456 (S.D.N.Y. 2014) (denying carrier's summary judgement motion in part because enumerated COI increase factors in the policy were exclusive and rejecting filed rate doctrine defense); 2015 WL 10847814 (Sept. 9, 2015) (approving class action settlement).

### B. Appointing More than One Law Firm as Lead Counsel Would Increase Costs, Decrease Efficiency, and Harm the Class.

There is no need to create an unwieldy leadership structure with multiple firms. Susman Godfrey has successfully represented much larger COI classes on its own. For example, in *Hancock COI*, Susman Godfrey served as sole lead counsel for a class that included more than *80,000* policies and recovered more than $91 million from John Hancock. In contrast, here, approximately 1,500 policies were hit by the COI increase. This case is therefore almost fifty-times smaller than the *Hancock COI* action, measured by policy count, yet Fearon seeks to double the number of law firms as lead counsel, for no justifiable reason. Susman Godfrey has the proven track record and ability to represent this class as sole lead, which will ensure that class counsel will operate with a cohesive case strategy and not needlessly waste resources.

## III. CONCLUSION

Only Susman Godfrey satisfies the Rule 23(g) elements, and only Susman Godfrey can adequately, efficiently, and successfully represent the class here. Fearon appears to have a modus operandi—it waits for another law firm to actively litigate a COI class action, and then belatedly swoops in after it secures a client via internet advertising, attacks the law firm and its clients that have already advanced the case, all in an effort to try to force itself in as co-lead counsel. Fearon has failed each and every time it has tried to do so, and its attempt in this case should similarly fail. The class in this case deserves one law firm, with COI experience, who can handle the case efficiently. Plaintiffs Jeffrey Leonard, Phyllis Poplawski, and PBR Partners therefore respectfully request that the Court appoint Susman Godfrey as sole interim class counsel.

Dated:  December 10, 2018

/s/Seth Ard
Seth Ard (SA-1817)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: 212-336-8330
Fax: 212-336-8340
sard@susmangodfrey.com

Steven Sklaver (admitted *pro hac vice*)
Bryan J. Caforio (admitted *pro hac vice*)
Richard Jolly (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: 310-789-3100
Fax: 310-789-3150
ssklaver@susmangodfrey.com
bcaforio@susmangodfrey.com
rjolly@susmangodfrey.com

Mahogane Reed (*admitted pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Tel:  (713) 651-9366
Fax: (713) 654-6666
mreed@susmangodfrey.com

*Attorneys for Plaintiffs*

12