USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/5/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY LEONARD, IN HIS CAPACITY AS
TRUSTEE OF THE POPLAWSKI 2008
INSURANCE TRUST; PHILLIS POPLAWSKI;
and PBR PARTNERS, on behalf of themselves
and all others similarly situated

                Plaintiffs,

vs.

JOHN HANCOCK LIFE INSURANCE
COMPANY OF NEW YORK and JOHN
HANCOCK LIFE INSURANCE COMPANY
(U.S.A.)

                Defendants.

---

Civil Action No. 18-cv-4994-AKH

[Handwritten annotation: Def'ts' motion to [illegible] denied. No privacy interest the settling is advanced. Thus, [illegible] join the non-party does not [illegible] motion. Def'ts' argument [illegible] its ability to settle is speculative. 12-5-19 /s/ AKH]

[Stamp: RECEIVED NOV 21 2019 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.]

[Stamp: COURTESY COPY]

## MOTION TO MAINTAIN CONFIDENTIAL SETTLEMENT MATERIAL UNDER SEAL

Pursuant to Paragraph 12 of the November 13, 2018 Court-approved Stipulated Confidentiality Agreement and Protective Order (the "Protective Order"), Defendants John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (USA) (together, "John Hancock") hereby move to maintain under seal redacted portions of the Parties' November 8, 2019 joint discovery letter, Dkt. No. 81, and the attached exhibit, Dkt. No. 81-1 (the "Confidential Settlement Material").

Maintaining the Confidential Settlement Material under seal "is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (internal quotation mark omitted); *see also* Individual Rules of Honorable Alvin K. Hellerstein, Rule 4(A). The weak presumption of public access that attaches to documents filed in connection with discovery motions, like the Confidential Settlement Material, is outweighed in this case by substantial interests in (1) promoting the

1

confidentiality of settlement negotiations and any resulting agreements in order to facilitate settlement; and (2) protecting a non-party's privacy interests. John Hancock's request to maintain the Confidential Settlement Material under seal is narrowly tailored because it is no broader than necessary to safeguard those interests.

John Hancock therefore respectfully requests that the Court maintain under seal the redacted portions of the Parties' joint discovery letter, Dkt. No. 81, and the attached exhibit, Dkt. No. 81-1.

Respectfully,

Dated: November 19, 2019

/s/ *Andrea J. Robinson*
Andrea J. Robinson
Robert K. Smith (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109 USA
Tel.: (617) 526-6000
Fax: (617) 526-5000

Alan B. Vickery
John F. LaSalle III
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Tel.: (212) 446-2300
Fax: (212) 446-2350

Motty Shulman
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel.: (914) 749 8200
Fax: (914) 749-8300

*Attorneys for John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.)*

Judge wrote:

"Defendants' motion to seal is denied. No privacy interest is advanced. Thus, the settling non-party does not join the motion. Defendants' argument that disclosure will hinder its ability to settle is speculative.

12-5-19
Alvin K. Hellerstein"