UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK





JEFFREY LEONARD, IN HIS CAPACITY AS )
TRUSTEE OF THE POPLAWSKI 2008 )
INSURANCE TRUST; PHILLIS POPLAWSKI; )
and PBR PARTNERS, on behalf of themselves )
and all others similarly situated )
)
                            Plaintiffs, )
vs. )  Civil Action No. 18-cv-4994-AKH
)
JOHN HANCOCK LIFE INSURANCE )
COMPANY OF NEW YORK and JOHN )
HANCOCK LIFE INSURANCE COMPANY )
(U.S.A.) )
)
                            Defendants. )
)

### [PROPOSED] ORDER GRANTING MOTION TO MAINTAIN CONFIDENTIAL PROPRIETARY MATERIAL UNDER SEAL

This Order addresses the sealed joint discovery dispute letter dated January 7, 2020, *see* ECF No. 99, which was filed in redacted form, and certain of the attached exhibits, which were filed in redacted form or entirely under seal. The Court heard and resolved the Parties' discovery dispute at a hearing on January 10, 2020. *See* Unnumbered Docket Entry Dated Jan. 10, 2020. The material that John Hancock seeks to maintain under seal was not mentioned during the hearing, and it was not relevant to the Court's resolution of the dispute. Accordingly, it is not subject to a presumption of public access. *See In re Sept. 11 Litig.*, 723 F. Supp. 2d 526, 533 (S.D.N.Y. 2010) (stating that documents that "d[o] not bear on [the Court's] adjudication of [a] motion" are "not the type of document[s] to which the public has . . . access") (Hellerstein, J.).

Insofar as that material was relevant to the Parties' dispute, because it was filed in connection with a discovery motion, it is subject (if at all) to a weak presumption of public access. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). That weak presumption is outweighed

1

here by John Hancock's interest in maintaining the confidentiality of certain non-public, commercially sensitive, and proprietary information the disclosure of which would cause John Hancock significant competitive harm. *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011); *see also, e.g.*, Order, *In re AXA Equitable Life Ins. Co.*, No. 1:16-cv-00740-JMF (S.D.N.Y. Mar. 23, 2017), ECF No. 315 (granting motion to seal document containing life insurance company's financial projections and planned accounting treatment of certain products); Memorandum Opinion and Order, *In re AXA Equitable Life Ins. Co.*, No. 1:16-cv-00740-JMF (S.D.N.Y. Nov. 3, 2017), ECF No. 135 at 4 (granting motion to seal documents disclosing "proprietary actuarial assumptions, processes, methodologies, and judgements that continue to inform or reflect [the life insurance company's] current mortality assumptions.").

More specifically, the documents contain the following types of non-public, commercially sensitive, and proprietary information:

| Exhibit to January 7, 2020 Joint Discovery Letter | Non-Public, Commercially Sensitive, and Proprietary Information | Treatment |
|---|---|---|
| 1 | This memorandum describes John Hancock's methodology for undertaking the cost-of-insurance charge redetermination at issue in this case. It discusses actuarial assumptions that John Hancock used to price the relevant life insurance policies, the development of actuarial assumptions used to implement the redetermination, and the redetermination's potential financial impact. | Withhold in Full |

| Exhibit to January 7, 2020 Joint Discovery Letter | Non-Public, Commercially Sensitive, and Proprietary Information | Treatment |
|---|---|---|
| 2 | The redacted portion refers to third-party mortality studies that John Hancock consulted when developing certain proprietary mortality assumptions, and the use of which John Hancock represents it is obliged to maintain in confidence. | Redact |
| 3 | The redacted portions refer to the third-party mortality studies described in Exhibit 2, the use of which John Hancock represents it is obliged to maintain in confidence. | Redact |
| 5 | The redacted portion of the internal draft Q&A discusses various aspects of John Hancock's business and business strategy, including actuarial assumption development, financial performance, and contemplated initiatives. | Redact |
| 9 | The redacted portion contains sensitive information concerning the impact of the cost-of-insurance rate redetermination on certain policies. | Redact |
| 10 | The redacted portions describe updated proprietary mortality assumptions used to price various John Hancock products, the process for developing those assumptions, and the experience used to do so, which is among the most sensitive information that John Hancock possesses. | Redact |
| 11 | The redacted portion describes the process by which John Hancock developed new proprietary lapse assumptions. | Redact |
| 12 | The redacted portions describe actuarial assumptions that John Hancock developed and/or implemented in relation to the cost-of-insurance charge redetermination at issue in this action. | Redact |

| Exhibit to January 7, 2020 Joint Discovery Letter | Non-Public, Commercially Sensitive, and Proprietary Information | Treatment |
|---|---|---|
| 14 | This memorandum was prepared for the purpose of evaluating a contemplated (but ultimately unconsummated) transaction that John Hancock represents it is obliged to keep confidential. The disclosure of this contemplated transaction and information concerning the transaction could cause John Hancock significant competitive harm. | Withhold in Full |
| 15 | This document describes the contemplated (but ultimately unconsummated) transaction discussed in Exhibit 14. | Withhold in Full |
| 16 | This presentation was prepared for the purpose of evaluating the contemplated (but ultimately unconsummated) transaction discussed in Exhibit 14. | Withhold in Full |
| 17 | This presentation was prepared for the purpose of evaluating the contemplated (but ultimately unconsummated) transaction discussed in Exhibit 14. | Withhold in Full |
| 19 | The redacted portions reveal mortality experience that John Hancock used to develop proprietary mortality assumptions. | Redact |
| 21 | This presentation describes the status of more than 70 strategic initiatives that John Hancock contemplated or undertook. | Withhold in Full |

John Hancock's request to maintain the subject material under seal is narrowly tailored. *See Sellick v. Consol. Edison Co. of N.Y., Inc.*, 2017 WL 1133443, at *8 (S.D.N.Y. Mar. 23, 2017). The redactions John Hancock has proposed to the January 7, 2020 joint discovery letter and Exhibits 2-3, 5, 9-12, and 19 thereto are limited to information that meets the criteria for sealing. And Exhibits 1, 14-17, and 21 to the joint discovery letter consist almost entirely (if not entirely)

4

of non-public, commercially sensitive, and proprietary information, such that redacting those Exhibits would be impractical.

For these reasons, the motion of Defendants John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.) to maintain under seal the materials described above is **GRANTED**.

**IT IS SO ORDERED.**

THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE
1-17-20