UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LEONARD, IN HIS CAPACITY AS TRUSTEE OF THE POPLAWSKI 2008 INSURANCE TRUST; PHYLLIS POPLAWSKI; PBR PARTNERS; BRIGHTON TRUSTEES, LLC, on behalf of and as trustee for COOK STREET MASTER TRUST III; BANK OF UTAH, solely as securities intermediary for COOK STREET MASTER TRUST III; TRINITY 2015 LS FUND, LLC; PEAK TRUST COMPANY, AK, on behalf of and as trustee for SUSAN L. CICIORA TRUST and STEWART WEST INDIES TRUST; and ADVANCE TRUST & LIFE ESCROW SERVICES, LTA, as securities intermediary for LIFE PARTNERS POSITION HOLDER TRUST, on behalf of themselves and all others similarly situated<br><br>    Plaintiffs,<br> vs.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK and JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)<br><br>    Defendants. | Civil Action No. 18-cv-4994-AKH |

## [PROPOSED] ORDER GRANTING MOTION TO MAINTAIN UNDER SEAL PORTIONS OF PARAGRAPHS 15, 54, AND 61 OF PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

This Order addresses Plaintiffs' First Amended Class Action Complaint (the "FAC"), which was filed in redacted form on March 6, 2020. *See* ECF No. 114.

Although a right of public access generally attaches to pleadings, portions of pleadings may be filed under seal where doing so is necessary to "preserve higher values," and the request "is narrowly tailored to serve that interest." *See Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 445–46 (E.D.N.Y. 2016) (granting motion to seal complaint allegations containing information

1

protected from disclosure by law), *vacated on other grounds*, 676 F. App'x 51 (2d Cir. 2017). One such "higher value" is the need to safeguard information protected from disclosure by law. *See, e.g.*, *In re: Sealed Case*, 237 F.3d 657, 666 (D.C. Cir. 2001) (reversing district court order denying motion to seal where Federal Election Campaign Act and implementing regulations prohibited Federal Election Commission from publicly disclosing certain information); *Strauss v. Credit Lyonnais, S.A.*, No. 06-CV-702 (DLI) (MDG), 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011) (requiring parties to file under seal certain financial records the disclosure of which is prohibited by French bank secrecy laws).

Here, Paragraphs 15, 54, and 61 of the FAC quote or paraphrase information protected from disclosure by Canada's Insurance Companies Act and implementing regulations. Specifically, the Insurance Companies Act provides that "[p]rescribed supervisory information shall not be used as evidence in any civil proceedings and is privileged for that purpose," and that "[n]o person shall by an order of any court, tribunal or other body be required in any civil proceedings to give oral testimony or to produce any document relating to any prescribed supervisory information." *Insurance Companies Act*, S.C. 1991, c 47, s 672.2(1), (2). "Prescribed supervisory information," in turn, includes "any report prepared . . . at the request of the Superintendent [of Financial Institutions] as a result of an annual or special examination or other supervisory review of the company, including any related correspondence to or from the directors or officers of the company." *See Supervisory Information (Insurance Companies) Regulations*, SOR/2001-56, s 2(1)(d), 3. Certain information in Paragraphs 15, 54, and 61 of the FAC is derived from reports that John Hancock's parent company, Manulife Financial Corporation, prepared at the request of, and submitted to, Canada's Office of the Superintendent

of Financial Institutions. Accordingly, that information constitutes "prescribed supervisory information" that is protected from disclosure.

John Hancock's request to maintain the subject material under seal is narrowly tailored, in that it requires redacting only a handful of phrases in the 163-paragraph FAC, and the proposed redactions are no broader than necessary to protect the compelling interest at stake. *See, e.g.*, *Sellick v. Consol. Edison Co. of N.Y., Inc.*, 2017 WL 1133443, at *8 (S.D.N.Y. Mar. 23, 2017) (granting motion to seal requiring redaction of a "handful of phrases and sentences in . . . opposition brief"); *KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16 CIV. 8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal where party "narrowly tailored [proposed] redactions, strictly limiting them to the portion of the appendix containing" information to be maintained under seal; *Cooksey v. Global Grind Dig.*, 2016 WL 316853, at *3 (S.D.N.Y. Jan. 26, 2016) (granting motion to seal where "the redactions are narrowly tailored to redact a small part of the Amended Complaint").

For these reasons, the motion of Defendants John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.) to maintain under seal portions of Paragraphs 15, 54, and 61 of the FAC, as shown in the proposed redacted version filed as Exhibit A to Defendants' motion, is **GRANTED**.

Redactions shall be limited to those in Exhibit A to Defendants' motion. Plaintiffs' motion to seal (ECF No. 115) is denied in all other respects. The Clerk is directed to terminate the open motions (ECF Nos. 115, 121).

**IT IS SO ORDERED.**

/s/ Alvin K. Hellerstein
THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE
3/31/2020