UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LEONARD, IN HIS CAPACITY AS TRUSTEE OF THE POPLAWSKI 2008 INSURANCE TRUST; PHYLLIS POPLAWSKI; PBR PARTNERS; BRIGHTON TRUSTEES, LLC, on behalf of and as trustee for COOK STREET MASTER TRUST III; BANK OF UTAH, solely as securities intermediary for COOK STREET MASTER TRUST III; PEAK TRUST COMPANY, AK, on behalf of and as trustee SUSAN L. CICIORA TRUST and STEWART WEST INDIES TRUST; and ADVANCE TRUST & LIFE ESCROW SERVICES, LTA, as securities intermediary for LIFE PARTNERS POSITION HOLDER TRUST, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK and JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), <br><br> Defendants. | Civil Action No. 18-cv-4994-AKH |

## [PROPOSED] ORDER GRANTING MOTION TO RE-SEAL CONFIDENTIAL PROPRIETARY MATERIAL

This Order addresses the sealed joint discovery dispute letter dated May 24, 2021 (the "May 24 Letter"), *see* ECF No. 177, which was filed in redacted form, and certain of the attached exhibits, which were filed entirely under seal. Together with the May 24 Letter, Plaintiffs filed a motion to maintain certain documents under seal. *See* ECF No. 178. The Court denied that motion on May 26, 2021. *See* ECF No. 181. Defendants John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.) (together, "John Hancock") now move to re-seal certain portions of Exhibit 1 to the May 24 Letter and the entirety of Exhibits 3 and 4 to

1

the May 24 Letter. John Hancock also moves to remove from the docket the Court's memo endorsement linked at ECF No. 181, which contains unredacted and unsealed versions of the materials John Hancock seeks to re-seal. For the reasons below, John Hancock's motion is granted.

Because the material John Hancock seeks to re-seal was filed in connection with a discovery motion, it is subject to a weak presumption of public access. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). That weak presumption is outweighed here by John Hancock's interest in maintaining the confidentiality of certain non-public, commercially sensitive, and proprietary information the disclosure of which would cause John Hancock significant competitive harm. *See* Order Granting Motion to Seal Confidential Proprietary Material, ECF No. 110, at 2 (granting John Hancock's motion to maintain under seal similar information); *see also, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011); Order, *In re AXA Equitable Life Ins. Co.*, No. 1:16-cv-00740-JMF (S.D.N.Y. Mar. 23, 2017), ECF No. 315 (granting motion to seal document containing life insurance company's financial projections and planned accounting treatment of certain products); Memorandum Opinion and Order, *In re AXA Equitable Life Ins. Co.*, No. 1:16-cv-00740-JMF (S.D.N.Y. Nov. 3, 2017), ECF No. 135 at 4 (granting motion to seal documents disclosing "proprietary actuarial assumptions, processes, methodologies, and judgements that continue to inform or reflect [the life insurance company's] current mortality assumptions."). Specifically, the material in question reflects non-public, commercially sensitive, and proprietary information concerning the actuarial assumptions used in the pricing and valuation of John Hancock's business.

John Hancock's request to re-seal the subject material under seal is narrowly tailored. *See Sellick v. Consol. Edison Co. of N.Y., Inc.*, 2017 WL 1133443, at *8 (S.D.N.Y. Mar. 23, 2017). The redactions John Hancock has proposed to Exhibit 1 to the May 24 Letter are limited to

information that meets the criteria for sealing. And Exhibits 3 and 4 to the May 24 Letter consist entirely of non-public, commercially sensitive, and proprietary information, such that redacting those Exhibits would be impractical.

For these reasons, John Hancock's motion to re-seal the materials described above is **GRANTED**. The Clerk is directed to ~~remove from the docket the Court's memo endorsement linked at ECF No. 181~~. seal ECF Nos. 177-1 and 180, strike ECF No. 181, and to terminate ECF No. 182.

    **IT IS SO ORDERED.**

May 28, 2021
    /s/ Alvin K. Hellerstein
_____
THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE