UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LEONARD, IN HIS CAPACITY AS TRUSTEE OF THE POPLAWSKI 2008 INSURANCE TRUST; PHYLLIS POPLAWSKI; PBR PARTNERS, BRIGHTON TRUSTEES, LLC, on behalf of and as trustee for COOK STREET MASTER TRUST III; BANK OF UTAH, solely as security intermediary for COOK STREET MASTER TRUST III; PEAK TRUST COMPANY, AK, on behalf of and as trustee for SUSAN L. CICIORA TRUST and STEWART WEST INDIES TRUST; and ADVANCE TRUST & LIFE ESCROW SERVICES, LTA, as securities intermediary for LIFE PARTNERS POSITION HOLDER TRUST, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br>　　vs.<br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK and JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>　　　　　　　　　　Defendants. | Civil Action No. 18-cv-04994-AKH |

**DECLARATION OF SETH ARD IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

I, Seth Ard, declare as follows:

1. I submit this declaration in support of preliminary approval of the proposed class action settlement between Plaintiffs, on behalf of themselves and the proposed class, and Defendants John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.) (together, "Hancock" or "Defendant").

1

2. I am a partner in the law firm of Susman Godfrey L.L.P., which is counsel for Plaintiffs and the Court-appointed Interim Class Counsel (referred to herein as "Class Counsel") in the above-captioned matter. (Dkt. 52.) I am a member in good standing of the bar of this Court. I have personal, first-hand knowledge of the matters set forth herein and, if called to testify as a witness, could and would testify competently thereto.

3. Susman Godfrey has significant experience with insurance litigation and class actions, including cost of insurance ("COI") class actions and settlements thereof. Susman Godfrey has represented numerous classes of policyowners seeking recovery of COI overcharges against insurers, including Phoenix Life Insurance Company, AXA Equitable Life Insurance Company, Voya Life Insurance Company, and Security Life of Denver Insurance Company. A copy of the firm's class action profile and the profiles of myself and my fellow Class Counsel, are attached hereto as **Exhibit 1**.

4. I was among the principal negotiators of the proposed class action settlement with Defendant. Following extensive negotiations, the parties signed a memorandum of understanding on October 18, 2018, and the final Settlement Agreement was fully executed on December 29, 2021. I attach a true and correct copy of the Settlement Agreement as **Exhibit 2**. It is the opinion of Class Counsel that this settlement with Hancock is fair, adequate, and reasonable. Each Plaintiff similarly supports this settlement and believes it to be fair, adequate, and reasonable.

5. The Settlement Agreement is the result of extended negotiations between the parties with the assistance of an experienced mediator, former Magistrate Judge James ("Jay") Francis of this district.

6. Following 3.5 years in discovery, the parties held an in-person mediation session at Judge Francis's offices at JAMS in New York, New York on August 26, 2021, after exchanging detailed mediation position statements. The parties were unable to reach agreement at that in-person mediation. The parties continued to negotiate with the assistance of Judge Francis, and, nearly eight weeks later, reached a memorandum of understanding for a settlement, and promptly informed the Court. On December 29, 2021, the parties fully executed a long-form settlement agreement.

7. The terms of the settlement were negotiated after the parties exchanged numerous offers and counteroffers, submitted briefing to the mediator, and participated in teleconferences and email discussions. By the time the settlement was reached, Class Counsel was well informed of material facts and the negotiations were hard-fought and non-collusive.

8. Class Counsel took steps to ensure that we had all the necessary information to advocate for a fair, adequate, and reasonable settlement that serves the best interests of the Settlement Class.

9. Plaintiffs and their experts analyzed nearly one million pages of documents, which included extensive actuarial tables, policy-level data reflecting the historical credits and deductions to the account value of all Class Members' policies, and thousands of spreadsheets. Plaintiffs were required to purchase a license (and spend nearly $50,000 per year) to access the proprietary software AXIS, in order to review Hancock's extremely complex actuarial models.

10. Plaintiffs also issued eight subpoenas to relevant third parties. Plaintiffs obtained thousands of pages of valuable documents from these subpoenas, much of which had not already been produced by Hancock.

11. Plaintiffs took and defended 23 highly technical depositions (many of which took place over two days). Representatives of six of the seven Plaintiffs were deposed. All of these depositions were taken virtually during the COVID-19 pandemic, and, therefore, required numerous hours of additional coordination.

12. Plaintiffs filed five motions to compel, four of which were granted or granted in substantial part. (Dkts. 57, 81, 99, 149, 177.) In an effort to avoid further burdening the Court, the parties met and conferred numerous times (with many meetings lasting two or more hours) resolving other discovery disputes concerning both parties' Rule 30(b)(6) notices, Hancock's 220-page privilege log, and many of the parties' discovery requests. In total, Plaintiffs issued 83 requests for production, 25 interrogatories, and 298 requests for admission, and Defendants issued 174 requests for production, 152 interrogatories, and 1,124 requests for admission. With respect to Plaintiffs' 30(b)(6) notice alone, Plaintiffs spent over 20 hours meeting and conferring with Defendants and Plaintiffs in the Individual Actions. Per the Court's Individual Rule 2.E, the parties exchanged drafts of thirteen additional joint letters that were never filed with the Court after the parties diligently negotiated compromise solutions.

13. Under the Court's scheduling order, discovery was set to expire on November 19, 2021, and Plaintiffs were required to file their opening expert reports on January 20, 2022. (Dkt. 192.) Plaintiffs anticipated moving for class certification in 2022. Defendants, who are represented by three of the largest law firms in the world, indicated that they intended to vigorously dispute class certification, liability, and damages and bring a motion for summary judgment.

14. Documents produced by Hancock indicate that about 1,500 policies were subject to the 2018-2019 COI increase. Data produced by Hancock indicate that these policies owners

paid $134,875,757.07 more than they would have had the 2018 COI increase not been implemented.

  15. The specific terms and conditions of the settlement are set forth in the Settlement Agreement, which is attached as **Exhibit 2**. The principal terms of the settlement are as follows:

    a. **CASH:** A cash Settlement Fund of up to **$123,074,128.32**, which is equal to **91.25%** of the 134,875,757.07 in overcharges collected by Hancock from the Class Policies through August 31, 2021. "COI overcharge" refers to the amount a Settlement Class member paid in COI charges in excess of what she would have paid had Hancock not implemented the COI increase (the "Policy Settlement Amount"). For any policy that opts out, the Settlement Fund is reduced by the Policy Settlement Amount for that policy.

    b. **CLASS RATE INCREASE FREEZE:** A total and complete freeze on any new cost of insurance ("COI") increase for a period of five years following Final Approval of the Settlement. Thus, even if Hancock has a future change in expectations that would otherwise permit a COI rate increase under the terms of the policies, Hancock will not increase COI rates for 5 years. Policyholders now have the ability to predict, with certainty, what their COI obligations will be for a substantial period of time.

    c. **RATE FREEZE MOST-FAVORED-NATION ("MFN") CLAUSE:** If Hancock agrees to a rate freeze that is longer than five years with any owner of an opt-out or Excluded Policy, then Hancock shall extend the duration of the Class Rate Increase Freeze so that it is as long as provided under that agreement.

   d. **VALIDITY CLAUSE:** Hancock has agreed not to challenge the validity and enforceability of any eligible policies owned by participating Class members on the grounds of lack of an insurable interest or misrepresentations in the application for such policies.

16. In my opinion, the consideration to the Class adequately compensates the members of the proposed Settlement Class for their damages in view of the risks of litigation. The Settlement represents an especially good result for the Class because none of the cash in the Settlement Fund will be returned to Hancock.

17. Class Counsel recommends the proposed distribution plan described in the Notice and attached in full as **Exhibit 3**. Under the plan of allocation, Settlement Class Members will be distributed the Net Settlement Fund in proportion to their share of the overall COI overcharges paid through August 2021. Class Counsel prepared the plan of allocation with the assistance of their damages expert, Robert Mills, who also has significant experience in drafting plans of allocation, based on the data produced by Hancock in this litigation. COI overcharges are equal to the difference between what each member of the class paid Hancock based on actual COI charges less the COI charge that would have been imposed but for the 2018-2019 COI rate increase.

18. The proposal is fair, adequate, and reasonable, especially in light of Counsel's detailed assessments of the strengths and weaknesses of the claims asserted, the applicable damages, and the likelihood of recovery.

19. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  December 30, 2021

*[signature: Seth Ard]*

Seth Ard
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
sard@susmangodfrey.com

7