UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JEFFREY LEONARD, IN HIS CAPACITY AS TRUSTEE OF THE POPLAWSKI 2008 INSURANCE TRUST; PHYLLIS POPLAWSKI; PBR PARTNERS, BRIGHTON TRUSTEES, LLC, on behalf of and as trustee for COOK STREET MASTER TRUST III; BANK OF UTAH, solely as security intermediary for COOK STREET MASTER TRUST III; PEAK TRUST COMPANY, AK, on behalf of and as trustee for SUSAN L. CICIORA TRUST and STEWART WEST INDIES TRUST; and ADVANCE TRUST & LIFE ESCROW SERVICES, LTA, as securities intermediary for LIFE PARTNERS POSITION HOLDER TRUST, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br> vs.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK and JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>     Defendants. | Civil Action No. 18-cv-04994-AKH |

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT AND CERTIFYING THE CLASS**

WHEREAS, Class Counsel has applied for an order preliminarily approving the terms and conditions of the Settlement with Defendants John Hancock Life Insurance Company of New York ("JHNY"), John Hancock Life Insurance Company (U.S.A.) ("JHUSA") ("Hancock," "John Hancock," or "Defendants"), as set forth in the Joint Stipulation and Settlement Agreement that is attached as Exhibit 2 to the Declaration of Seth Ard;

WHEREAS, the Settlement requires, among other things, that all Released Claims against Released Parties be settled and compromised;

WHEREAS, this application is uncontested by Defendants; and

WHEREAS, this Court having considered the Agreement and Exhibits annexed thereto, Class Plaintiffs' Motion for Preliminary Approval of the Settlement and Certification of and all papers filed in support of such motion.

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), it is hereby ORDERED that:

1. The capitalized terms used herein shall have the meanings set forth in the Agreement.

2. Pursuant to Rule 23(e)(1)(B)(i), the Court finds that it will likely be able to approve the Settlement under Rule 23(e)(2), and therefore preliminarily approves the Settlement as set forth in the Agreement, including the releases contained therein, as being fair, reasonable and adequate to the Settlement Class based on the relevant factors under Rule 23(e)(2) and *City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 463 (2d Cir. 1974), subject to the right of any Settlement Class Member to challenge the fairness, reasonableness or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Defendants, and ordering

the release of the Released Claims against Releasees, should not be entered after due and adequate notice to the Class as set forth in the Agreement and after a hearing on final approval.

3. The Court finds that the Agreement was entered into at arm's length by highly experienced counsel with the assistance of a mediator and is sufficiently within the range of reasonableness that notice of the Agreement should be given as provided in the Agreement.

4. The Court finds that the proposed plan of allocation, attached as Exhibit 3 to the Declaration of Seth Ard, is sufficiently fair and reasonable that notice of the distribution plan should be given as provided in the Notice.

5. Pursuant to Rule 23(e)(1)(B)(ii), the Court also finds that it will likely be able to certify the Settlement Class, consisting of "Owners of Class Policies," for purposes of judgment on the proposal under Rule 23(b)(3). For purposes of the Settlement and this Order, Class Policies means any universal life insurance policy issued by John Hancock that was subjected to the COI rate schedule increase in 2018 and 2019, excluding (i) the policies at issue in the Individual Actions[1]; and (ii) the following policies, which have previously reached settlements with John Hancock: 94656436, 93706844, 93717346, 93717353, 93717361, 93717379, 93752541, 94265337, 94472578, 93970200, 94270709, 93509370, and 93787802.

6. The Court finds that it will likely certify the class for purposes of judgment on the proposal because: (i) the Settlement Class is so numerous that joinder is impracticable; (ii)

---

[1] The Individual Actions refer to: (i) *Davydov v. JHNY and JHUSA*, 18-cv-09825 (S.D.N.Y.); (ii) *Twin Lakes and Lakewood Holdings v. JHNY and JHUSA*, 655429/2018 (N.Y. Sup. Ct.); (iii) *LSH and Wells Fargo v. JHNY and JHUSA*, 19- cv-1009 (S.D.N.Y.); (iv) *Lipschitz et al. v. JHNY*, 655579/2019 (N.Y. Sup. Ct. ); (v) *VICOF II Trust et al. v. JHNY*, 19-cv-11093 (S.D.N.Y.); (vi) *Wells Fargo v. John Hancock Life Insurance Company (U.S.A.)*, 20-cv-5032 (S.D.N.Y.); (vii) *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. JHNY and JHUSA*, 650452/2021 (N.Y. Sup. Ct.); and (viii) all actions consolidated with (v) pursuant to the Court's Oct. 14, 2021 Order (19-cv-11093, Dkt. 99).

Plaintiffs' claims present common issues that are typical of the Class; (iii) Plaintiffs and Class Counsel will fairly and adequately represent the Class; and (iv) common issues predominate over any individual issues affecting the Settlement Class Members. The Court further finds that Plaintiffs' interests are aligned with the interests of all other Settlement Class Members. The Court also finds that resolution of this action on a class basis for purposes of the Settlement is superior to other means of resolution.

7. The Court hereby appoints Susman Godfrey L.L.P. as counsel to the Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. Plaintiffs (i) Jeffrey Leonard, in his capacity as Trustee of The Poplawski 2008 Insurance Trust; (ii) Phyllis Poplawski; (iii) PBR Partners; (iv) Brighton Trustees, LLC, in its capacity as trustee for the Cook Street Master Trust III; (v) Bank of Utah, as securities intermediary for the Cook Street Master Trust III; (vi) Peak Trust Company, AK, as trustee for the Susan L. Ciciora Trust and the Stewart West Indies Trust; and (vii) Advance Trust & Life Escrow Services, LTA, as securities intermediary for Life Partners Position Holder Trust, will serve as representatives of the Class for purposes of the Settlement.

9. The Court appoints Gina Intrepido-Bowden of JND Legal Administration LLC, a competent firm, as the Settlement Administrator. The Settlement Administrator shall be responsible for receiving requests for exclusion from the Class Members. Funds required to pay the Settlement Administrator may be paid from the Settlement Fund as they become due as set forth in the Agreement.

10. As of the date hereof, all proceedings in the above-captioned actions shall be stayed and suspended until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

11. Pursuant to Rule 23(e)(1)(B), the Court directs that notice be provided to class members through the Notices, attached as Exhibits B-C to the Declaration of Gina M. Intrepido-Bowden (the "Intrepido-Bowden Declaration"), and through the notice program described in described in Section 5 of the Agreement and Pargraphs 24-33 of the Intrepido-Bowden Declaration. The Court finds that the manner of distribution of the Notices constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to the Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.

12. Upon entry of this Preliminary Approval Order, the parties shall begin implementation of the notice program as outlined in Section 5 of the Agreement and Pargraphs 24-33 of the Intrepido-Bowden Declaration. Within five business days after the entry of this Order, Defendants will deliver a Notice List to the Settlement Administrator, which includes those individuals or entities, along with their addresses, that are reflected in Defendants' records as the last known policy owners of the policies in the Settlement Class.

13. The Settlement Administrator will run an update of the last known addresses provided by Defendant through the National Change of Address database before initially mailing the Class Notice. If a Class Notice is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will endeavor to: (i) re-mail any Class Notice so returned with a forwarding address; and (ii) make reasonable efforts to attempt to find an address for any returned Class Notice that does not include a forwarding address. The Settlement Administrator will

4

endeavor to re-mail the Class Notice to every person and entity in the Notice List for which it obtains an updated address. If any Settlement Class Member is known to be deceased, the Class Notice will be addressed to the deceased Settlement Class Member's last known address and "To the Estate of [the deceased Settlement Class Member]." The mailing of a Class Notice to a person or entity that is not in the Settlement Class shall not render such person or entity a part of the Settlement Class or otherwise entitle such person to participate in this Settlement.

14. A copy of the Notice shall also be posted on the Internet at the following website address: www.HancockCOISettlement.com. Any Court-approved changes to the Agreement, the Exhibits thereto, or to any filings made in connection with the Agreement, may be posted to that website address, and by doing so, will be deemed due and sufficient notice to Class Members in compliance with Due Process and Rule 23 of the Federal Rules of Civil Procedure.

15. The Settlement Administrator shall effect publication notice in the publications specified in Section 5.2 of the Agreement and in the *Wall Street Journal*.

16. Any member of the Settlement Class may request to be excluded from the Class. To be effective, written notice must be postmarked no later than 45 days after the Notice Date as set forth in the Notice. Exclusion requests must clearly state that the Class Member desires to be excluded from the Settlement Class, must identify the Policy(ies) to be excluded, and must be signed by such person or entity or by a person providing a valid power of attorney to act on behalf of such person or entity. A Settlement Class Member who owns multiple Policies may request to exclude some Policies from the Settlement while participating in the Settlement with respect to other Policies.

17. Any Class Member that does not submit a timely, written request for exclusion from the Class in accordance with the foregoing paragraph shall be bound by all proceedings,

orders, and judgments in the Action. A list reflecting all valid requests for exclusion shall be filed with the Court, by Class Counsel, prior to the Fairness Hearing.

18. Settlement Class Members may object to this Settlement by filing a written objection with the Court and serving any such written objection on counsel for the respective Parties (as identified in the Class Notice) no later than 45 calendar days after the Notice Date. The objection must contain: (1) the full name, address, telephone number, email address, if any, of the Settlement Class Member; (2) Policy number; (3) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (4) copies of any papers, briefs, or other documents upon which the objection is based; (5) a list of all persons who will be called to testify in support of the objection (if any); (6) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; and (7) the signature of the Settlement Class Member or his/her counsel, and a list of any objections by the Settlement Class Member and/or counsel in any class action settlements submitted to any state or federal court in the United States in the previous five years. If an objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, the written objection must also state the identity of all attorneys representing the objecting Settlement Class Member who will appear at the Settlement Hearing. Settlement Class Members who do not timely make their objections as provided in this Paragraph will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

19. To the extent there are conflicting elections of Owners as it relates to a Class Policy, including any election that purports to split or divide exclusion from or participation in the Settlement Class with respect to the same Class Policy, or to the extent the Parties or their respective counsel have concerns regarding the ownership rights of Settlement Class Members,

the Court shall resolve all disputes or issues regarding ownership of a policy or exclusion of a Class Policy. Any issues relating to conflicting elections or challenges to ownership must be brought to the attention of the Court within 30 days after the close of the Opt-Out Period.

20.     The Court hereby schedules a Final Fairness Hearing to occur on May 17, 2022 at 2:30 pm before the Honorable Alvin K. Hellerstein in United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, to determine whether (i) the proposed Settlement as set forth in the Agreement, should be finally approved as fair, reasonable and adequate pursuant to the Federal Rule of Civil Procedure 23(e)(2); (ii) the class shall be certified for purposes of judgment on the proposal, (iii) an order approving the Agreement and a Final Judgment should be entered; (iv) an order approving a proposed plan of allocation should be approved; and (v) the application of Class Counsel for an award of attorneys' fees, expense reimbursements, and incentive awards ("Fee and Expense Request") in this matter should be approved.  All papers in support of any Fee and Expense Request shall be filed within 50 days of the Final Aproval Hearing, and all papers in support of the proposed distribution plan, all papers in support of final approval of the Settlement, and all reply briefs in support of any Fee and Expense Request shall be filed no later than 20 days before the Final Fairness Hearing.  No later than seven (7) days before the Final Fairness Hearing, all relevant reply papers shall be filed and served by the parties to the action.

21.     Class Counsel shall cause to be filed with the Court status reports directly from the Settlement Administrator in three intervals: (1) within 3 business days after she has calculated each Settlement Class Member's distribution, (2) within 3 business days after she has distributed the Net Settlement Fund to each Settlement Class Member, and (3) within 3 business days after she has distributed the remainder of the Settlement Fund pursuant to Section 2.3 of the Agreement.

22. All disputes concerning the Settlement shall be resolved by the Court, including any under Section 6.4 of the Agreement.

23. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing or liability of Defendants or (ii) of any fault or omission of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

24. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement is or may be used as an admission or evidence that the claims of Class Plaintiffs lacked merit in any proceeding.

25. If the the Settlement or the Agreement fails to be approved, fails to become effective, is terminated by John Hancock pursuant to Section 10.1 of the Agreement, or otherwise fails to be consummated, or if there is no Final Settlement Date, then: (i) the parties will be returned to status *quo ante* as of October 18, 2021, as if the Agreement had never been negotiated or executed, with the right to assert in the Action any argument or defense that was available to it at that time, except that the first $150,000 of Settlement Admi1nistration Expenses and the Publication Notice Expenses shall not be recouped; (ii) Defendants expressly agree to make any of their witnesses who have not already been deposed (including its Rule 30(b)(6) designees in their personal and representative capacities) available to Plaintiffs for depositions, even if those witnesses have already been deposed in the Individual Actions, and (iii) Defendants shall retain, and expressly reserve, any and all of the rights they had prior to the execution of this Agreement to object to the maintenance of the Action as a class action by Class Counsel and Plaintiffs.

26. No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Defendants will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b). Thereafter, Defendants will serve any supplemental CAFA Notice as appropriate.

ENTERED this  10th  day of January of 2022.

/s/ Alvin K. Hellerstein
Alvin K. Hellerstein
UNITED STATES DISTRICT JUDGE