UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LEONARD, IN HIS CAPACITY AS TRUSTEE OF THE POPLAWSKI 2008 INSURANCE TRUST; PHYLLIS POPLAWSKI; PBR PARTNERS, BRIGHTON TRUSTEES, LLC, on behalf of and as trustee for COOK STREET MASTER TRUST III; BANK OF UTAH, solely as security intermediary for COOK STREET MASTER TRUST III; PEAK TRUST COMPANY, AK, on behalf of and as trustee for SUSAN L. CICIORA TRUST and STEWART WEST INDIES TRUST; and ADVANCE TRUST & LIFE ESCROW SERVICES, LTA, as securities intermediary for LIFE PARTNERS POSITION HOLDER TRUST, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK and JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>Defendants. | Civil Action No. 18-cv-04994-AKH |

### [PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING THE SETTLEMENT CLASS

WHEREAS, Class Plaintiffs Jeffrey Leonard, in his capacity as Trustee of the Poplawski 2008 Insurance Trust; Phyllis Poplawski; PBR Partners, Brighton Trustees, LLC, on behalf of and as Trustee for Cook Street Master Trust III; Bank Of Utah, solely as Security Intermediary for Cook Street Master Trust III; Peak Trust Company, AK, on behalf of and as Trustee for Susan L. Ciciora Trust and Stewart West Indies Trust; and Advance Trust & Life Escrow Services, LTA, as Securities Intermediary for Life Partners Position Holder Trust, on behalf of themselves and on

1

behalf of the proposed Settlement Class, entered into a settlement (the "Settlement") with Defendants John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.);

WHEREAS, on January 10, 2022, the Court entered its Order granting preliminary approval of the proposed settlement ("Preliminary Approval Order") (Dkt. 203). Among other things, the Preliminary Approval Order authorized Class Plaintiffs to disseminate notice of the Settlement, the fairness hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order, and the Court held a fairness hearing on May 17, 2022, at 2:30pm;

WHEREAS, the Settlement Agreement requires, among other things, that all Released Claims against Released Parties be settled and compromised;

WHEREAS, this application is uncontested by Defendants;

Having considered Class Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class, supporting declarations, oral argument presented at the fairness hearing, and the complete records and files in this matter,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2. The Preliminary Approval Order outlined the form and manner by which the Class Plaintiffs would provide the Class with notice of the Settlement, the fairness hearing, and related matters. Proof that Notice complied with the Preliminary Approval Order has been filed with the Court. The Notice given to Class Members complied in all respects with the requirements

of Rule 23 of the Federal Rules of Civil Procedure and due process and provided due and adequate notice to the Class.

3. The Court approves, as to form and content, the initial Class Action Fairness Act ("CAFA") Notice that was served within 10 days after the filing of the Motion for Preliminary Approval of the Settlement. The Court finds that the Attorney General of the United States and the state attorneys general have received notice of the Settlement Agreement in accordance with the terms of CAFA, 28 U.S.C. § 1715(b).

4. The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken with the assistance of a mediator and in good faith by counsel with significant experience litigating class actions.

5. Pursuant to Federal Rule of Civil Procedure 23 and in light of the proposed Settlement, the Court certifies the Settlement Class, consisting of "Owners of Class Policies." For purposes of the Settlement, Class Policies means any universal life insurance policy issued by Defendants that was subjected to the COI rate schedule increase in 2018 and 2019, excluding (i) the policies at issue in the Individual Actions[1]; (ii) the following policies, which have previously reached settlements with John Hancock: 94656436, 93706844, 93717346, 93717353, 93717361, 93717379, 93752541, 94265337, 94472578, 93970200, 94270709, 93509370, and 93787802; and (iii) the 155 policies that submitted a timely and valid written request to be excluded

---

[1] The Individual Actions refer to: (i) *Davydov v. JHNY and JHUSA*, 18-cv-09825 (S.D.N.Y.); (ii) *Twin Lakes and Lakewood Holdings v. JHNY and JHUSA*, 655429/2018 (N.Y. Sup. Ct.); (iii) *LSH and Wells Fargo v. JHNY and JHUSA*, 19- cv-1009 (S.D.N.Y.); (iv) *Lipschitz et al. v. JHNY*, 655579/2019 (N.Y. Sup. Ct. ); (v) *VICOF II Trust et al. v. JHNY*, 19-cv-11093 (S.D.N.Y.); (vi) *Wells Fargo v. John Hancock Life Insurance Company (U.S.A.)*, 20-cv-5032 (S.D.N.Y.); (vii) *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. JHNY and JHUSA*, 650452/2021 (N.Y. Sup. Ct.); and (viii) all actions consolidated with (v) pursuant to the Court's Oct. 14, 2021 Order (19-cv-11093, Dkt. 99).

from the Settlement Class. In addition, excluded from the Settlement Class are (i) Class Counsel and their employees; and (ii) the judge presiding over the Action and the staff and immediate family of such judicial official.

6. The Settlement is fully and finally approved because its terms are fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Court directs its consummation pursuant to its terms and conditions.

7. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction the Settlement, and the result achieved. No objections to the Settlement or the plan of distribution were received or timely filed.

8. The Court reserves continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement Agreement as well as any supplemental application for reimbursement of costs or expenses incurred by Class Counsel on behalf of the Class.

9. Defendants shall fund the Settlement Fund Account in accordance with the terms of the Settlement Agreement.

10. Neither the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

11. The distribution plan, as described in the Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class, and previously preliminary approved by the Court, is approved because it is fair, reasonable, and adequate.

12. The parties shall submit a proposed final judgment consistent with the Settlement and this Order within seven (7) days of entry of this Order.

13. This Order shall become effective immediately.

ENTERED this 17 day of May 2022.

Alvin K. Hellerstein
UNITED STATES DISTRICT JUDGE