UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LEONARD, IN HIS CAPACITY AS TRUSTEE OF THE POPLAWSKI 2008 INSURANCE TRUST; PHYLLIS POPLAWSKI; PBR PARTNERS, BRIGHTON TRUSTEES, LLC, on behalf of and as trustee for COOK STREET MASTER TRUST III; BANK OF UTAH, solely as security intermediary for COOK STREET MASTER TRUST III; PEAK TRUST COMPANY, AK, on behalf of and as trustee for SUSAN L. CICIORA TRUST and STEWART WEST INDIES TRUST; and ADVANCE TRUST & LIFE ESCROW SERVICES, LTA, as securities intermediary for LIFE PARTNERS POSITION HOLDER TRUST, on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br>vs.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK and JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>                      Defendants. | Civil Action No. 18-cv-04994-AKH |

**FINAL JUDGMENT**

WHEREAS, Class Plaintiffs Jeffrey Leonard, in his capacity as Trustee of the Poplawski 2008 Insurance Trust; Phyllis Poplawski; PBR Partners, Brighton Trustees, LLC, on behalf of and as Trustee for Cook Street Master Trust III; Bank Of Utah, solely as Security Intermediary for Cook Street Master Trust III; Peak Trust Company, AK, on behalf of and as Trustee for Susan L. Ciciora Trust and Stewart West Indies Trust; and Advance Trust & Life Escrow Services, LTA, as Securities Intermediary for Life Partners Position Holder Trust, on behalf of themselves and on

1

behalf of the proposed Settlement Class, entered into a settlement (the "Settlement") with Defendants John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.);

WHEREAS, on January 10, 2022, the Court entered its Order granting preliminary approval of the proposed settlement ("Preliminary Approval Order") (Dkt. 203). Among other things, the Preliminary Approval Order authorized Class Plaintiffs to disseminate notice of the Settlement, the fairness hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order, and the Court held a fairness hearing on May 17, 2022, at 2:30 pm;

WHEREAS, on May 17, 2022, the Court entered an Order Approving Class Action Settlement and Certifying the Settlement Class ("Final Approval Order") (Dkt. 221).

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement (Dkt 201-4), which is incorporated herein by reference.

2. This Final Judgment shall apply to and bind the Releasing Parties as defined and set forth in Paragraph 1.42 of the Settlement Agreement.

3. This Final Judgment shall not apply to the following policies: (i) the policies at issue in the Individual Actions as of the December 28, 2021 date of the Settlement Agreement;[1]

---

[1] The Individual Actions refer to: (i) *Davydov v. JHNY and JHUSA*, 18-cv-09825 (S.D.N.Y.); (ii) *Twin Lakes and Lakewood Holdings v. JHNY and JHUSA*, 655429/2018 (N.Y. Sup. Ct.); (iii) *LSH and Wells Fargo v. JHNY and JHUSA*, 19- cv-1009 (S.D.N.Y.); (iv) *Lipschitz et al. v. JHNY*, 655579/2019 (N.Y. Sup. Ct.); (v) *VICOF II Trust et al. v. JHNY*, 19-cv-11093 (S.D.N.Y.); (vi) *Wells Fargo v. John Hancock Life Insurance Company (U.S.A.)*, 20-cv-5032 (S.D.N.Y.); (vii) *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. JHNY and JHUSA*, 650452/2021 (N.Y. Sup. Ct.); and (viii) all actions consolidated with (v) pursuant to the Court's Oct. 14, 2021 Order (19-cv-11093, Dkt. 99).

(ii) the following policies, which have previously reached settlements with John Hancock: 94656436, 93706844, 93717346, 93717353, 93717361, 93717379, 93752541, 94265337, 94472578, 93970200, 94270709, 93509370, and 93787802; and (iii) the 155 policies, listed below, that submitted a timely and valid written request to be excluded from the Settlement Class.

| | | | | |
|---|---|---|---|---|
| 1200104 | 1203365 | 93354900 | 93548113 | 93856318 |
| 1200205 | 1203391 | 93364586 | 93554319 | 93857217 |
| 1200291 | 1203469 | 93367209 | 93568400 | 93859007 |
| 1200330 | 1203877 | 93368363 | 93574952 | 93859932 |
| 1201045 | 1204097 | 93368637 | 93588739 | 93873230 |
| 1201046 | 1204230 | 93383974 | 93589380 | 93879096 |
| 1201696 | 1204735 | 93384758 | 93595692 | 93890465 |
| 1202414 | 1204737 | 93391373 | 93625283 | 93902187 |
| 1202432 | 1204860 | 93391381 | 93638427 | 93907970 |
| 1202461 | 1204884 | 93398279 | 93639029 | 93911212 |
| 1202519 | 1204938 | 93407898 | 93640209 | 93921583 |
| 1202539 | 1205359 | 93411973 | 93644557 | 93921591 |
| 1202630 | 1205360 | 93445823 | 93704963 | 93939700 |
| 1202648 | 1205520 | 93450294 | 93709061 | 93961563 |
| 1202651 | 1205527 | 93461093 | 93711646 | 93989077 |
| 1202678 | 1210594 | 93461101 | 93720712 | 94005428 |
| 1202722 | 1212403 | 93461390 | 93725737 | 94015237 |
| 1202765 | 1212410 | 93462091 | 93729440 | 94060480 |
| 1202771 | 1217876 | 93463586 | 93731461 | 94060498 |
| 1202864 | 93151710 | 93480556 | 93734168 | 94113164 |
| 1202887 | 93157279 | 93483329 | 93739043 | 94142890 |
| 1203022 | 93205946 | 93483386 | 93740769 | 94184272 |
| 1203023 | 93230761 | 93491512 | 93780898 | 94184280 |
| 1203133 | 93269132 | 93506400 | 93794485 | 94184298 |
| 1203192 | 93288157 | 93516250 | 93794493 | 94194156 |
| 1203214 | 93288165 | 93527984 | 93794501 | 94199510 |
| 1203308 | 93288173 | 93527992 | 93816718 | 94330297 |
| 1203309 | 93288181 | 93529212 | 93827384 | 94343084 |
| 1203311 | 93325843 | 93539856 | 93828994 | 94378833 |
| 1203359 | 93354801 | 93539955 | 93840718 | 94636271 |
| 1203360 | 93354892 | 93545598 | 93842482 | 94636289 |

3

The individuals and entities that own these policies are not included in or bound by this Final Judgment, solely as it relates to the above referenced policies, and are not entitled to any recovery from the settlement proceeds obtained through this Settlement with respect to the above policies. To the extent an individual or entity owns both a policy that is excluded from the Final Settlement Class and a policy that is included in the Final Settlement Class, such individual or entity shall be bound by this Final Judgment in connection with any policies included in the Final Settlement Class. For the avoidance of doubt, such individuals or entities shall not be bound by this Final Judgment to the extent it relates to policies that are excluded from, or otherwise not a part of, the Settlement.

4. This Court has jurisdiction over the subject matter of this action and the Releasing Parties are subject to this Court's jurisdiction for purposes of implementing and enforcing the Settlement, bar order, and releases contained herein.

5. This Final Judgment shall operate as a complete and permanent bar order that discharges and releases the Released Claims and Unknown Claims by the Releasing Parties as to all the Releasees.

6. The Releasing Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasees of and from all Released Claims including Unknown Claims, which are expressly deemed waived and released by operation of this Final Judgment.

7. The institution, maintenance and prosecution by any of the Releasing Parties, either directly, individually, representatively, derivatively or in any other capacity, by whatever means, of any other action against the Releasees in any court, or in any agency or other authority or arbitral

or other forum wherever located, asserting any of the Released Claims is permanently and completely barred, enjoined, and restrained.

8. The applicability of this Final Judgment and the bar order and releases contained herein shall not be dependent on a Releasing Party's actual receipt of any settlement proceeds obtained through this Settlement.

9. The Releasees may file the Stipulation and/or the Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. Within 30 calendar days after the Final Settlement Date, the Settlement Administrator shall calculate each Final Settlement Class Member's distribution pursuant to the plan of allocation proposed by Class Counsel and approved by the Court, and within 14 days after that, send for delivery to each Final Settlement Class Member by U.S. mail, first-class postage prepaid, a settlement check in the amount of the share of the Net Settlement Fund to which he/she/it is entitled.

11. The Releasing Parties are permanently barred, enjoined and restrained from making any claims against the Settlement Fund, and all persons, including the Settlement Administrator, Plaintiffs and Class Counsel and Defendants and Defendants' Counsel are released and discharged from any claims arising out of the administration, management or distribution of the Settlement Fund.

12. There is no just reason for delay in directing entry of a Final Judgment as to Defendants and immediate entry by the Clerk of the Court is expressly directed.

13. The Settlement Fund Account established by Class Plaintiffs and Defendants, and into which Defendants previously deposited $93,047,406.44 as the Final Settlement Fund, are approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

14. Neither the fact nor substance of the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as a presumption, inference or admission of fault, liability, injury or wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

15. The Action is dismissed with prejudice as to Defendants and, except as provided in the Settlement Agreement and the Court's Order Awarding Fees, Expenses, and Incentive Awards (Dkt. 213) as amended (Dkt. 223) and the Final Approval Order (Dkt. 221), without costs to either party.

16. Without affecting the finality of this Final Judgment, the Court specifically retains continuing and exclusive jurisdiction over the enforcement of this Final Judgment and bar order and the enforcement of the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement Agreement.

ENTERED this ___ day of May 2022.

_____
Alvin K. Hellerstein
UNITED STATES DISTRICT JUDGE